IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

FILED
BILLINGS DIV.
2011 OCT 14 AM 10 14
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| HERMAN GONZALES; FAWN LYONS; KEN LAUDATO; LAWRENCE WALKER; GARY MANSIKKA; GARRY GALETTI; GREG WHITING; MARVIN KRONE; RICHARD BLACK; JIM KELLY; CHRIS SOUSLEY; and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE OF PITTSBURGH, PA,<br>　　　　Defendant. | Cause No. CV-11-20-BU-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 20*) with respect to Plaintiffs' Motion to Remand. *Doc. 12*. Judge Ostby recommends the motion be denied.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiffs filed written objections on August 12, 2011 and Defendant responded on August 26,

1

2011. Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

Plaintiffs state their objections as being: insurance interpretation under the facts of this case ought to be a Montana decision; the Magistrate's Findings deviate from established case law; *Countrywide Home Loans, Inc. v. Mortgage Guarantee Insurance Corporation* cited in the Magistrate's Findings is misplaced; unique insurance issues mandate decision by Montana courts; and claims of prejudice by Montana courts for support of federal jurisdiction are not supported.

First, at a glance, this action does not involve "unique" issues of Montana law that require the action to be decided in state court. It appears the matter involves fundamental principles of Montana insurance law.

Second, Plaintiffs cite to *Great American* and *Swank Enterprises v. United National Insurance Co.* for the proposition that Recommendations "are a substantial deviation from other Montana district court decisions under similar facts whereby directly filed cases are dismissed or removed cases were remanded when the fundamental basis of those cases centered on analysis of insurance coverage issues and insuring agreements." *Great American* and *Swank* involved unique issues of state law that the judges in those cases determined were more

2

appropriately addressed by Montana state courts. The Recommendations of Magistrate Ostby do not deviate from this District's established case law.

Third, Magistrate Ostby properly cited to *Countrywide Home Loans, Inc. v. Mortgage Guarantee Insurance Corporation* as the most recent statement by the Ninth Circuit regarding the standards governing federal district courts' discretion to resolve jurisdictionally proper declaratory judgment actions under the Declaratory Judgment Act.

Fourth, Magistrate Ostby is correct in her determination that while this case does not raise a legal issue that directly involves a "compelling federal interest," it cannot reasonably be said that it involves no federal interest. National removed the action specifically to invoke the Court's diversity jurisdiction. "The purpose of diversity jurisdiction, and the citizenship determination associated with it, is to avoid the effects of prejudice against outsiders." *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009) (citation omitted); *see also Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) (noting that the "general purpose of diversity jurisdiction . . . [is to] find the State where a corporation is least likely to suffer out-of-state prejudice when it is sued in a local court"). To assert that there is no federal interest in attempting to mitigate perceived prejudice against a

litigant in a judicial proceeding ignores the purpose of federal court diversity jurisdiction.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand (*Doc. 12*) is **DENIED**.

DATED this 14 day of October, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

4