

FILED

JUN 1 1 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| HERMAN GONZALEZ; FAWN LYONS; KEN LAUDATO; LAWRENCE WALKER; GARY MANSIKKA; GARY GALETTI; GREG WHITING; MARVIN KRONE; RICHARD BLACK; JIM KELLY; CHRIS SOUSLEY; and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE OF PITTSBURGH, PA,<br><br>Defendant. | CV 11-20-BU-DLC<br><br><br><br><br><br><br><br><br>ORDER |

This Court issued an Order dated May 5, 2012, in which it dismissed this matter as moot in light of the jury verdict against the plaintiff class in the underlying state court proceeding. The plaintiff class has now been granted a new trial in the underlying proceeding, and the Plaintiffs in this action have filed a motion to amend the May 5, 2012 Order. Although couched as a motion to amend the Dismissal Order pursuant to Fed. R. Civ. P. 59(e), what Plaintiffs have filed is

-1-

in essence a motion for reconsideration asking the Court to vacate its Dismissal Order and reinstate the federal action.

Plaintiffs correctly argue that the order granting a new trial in the underlying action has vitiated the basis for the Court's Dismissal Order in that the underlying action is no longer moot due to a jury verdict against the plaintiff class. Moreover, the Court agrees that the grant of a new trial constitutes a change in the factual and legal circumstances sufficient to justify their motion for reconsideration. The Court will therefore vacate its Dismissal Order and reinstate the case. However, mootness was not the sole concern before the Court at the time of the Dismissal Order, it was merely the most pressing one. As the Court explained at the time, "[I]n light of the defense verdict in the state court proceeding, [mootness] has overtaken ripeness as the predominant concern relating to justiciability." Dismissal Order, Doc. No. 61 at 4.

Ripeness has now returned to the fore. This remains an action seeking determination of coverage questions in advance of a determination of liability in the underlying case. The ripeness inquiry is "peculiarly a question of timing, designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (citations, internal quotation marks omitted). The United States Supreme Court has attributed both a

constitutional and a prudential dimension to ripeness. Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n.18 (1993). The prudential aspects of ripeness do not have jurisdictional implications, and are matter of the court's discretion. McClung v. City of Sumner, 548 F.3d 1219, 1224 (9th Cir. 2008). The prudential ripeness analysis "is guided by two overarching considerations: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" Thomas, 220 F.3d at 1141 (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967)). As to the first of those considerations, a question is not "fit for decision" if its resolution requires consideration of "contingent future events that may or may not occur as anticipated, or indeed may not occur at all." Addington v. US Airline Pilots Ass'n, 606 F.3d 1174, 1179 (9th Cir. 2010) (quoting Cardenas v. Anzai, 311 F.3d 929, 934 (9th Cir. 2002)).

As was discussed at the May 8, 2012, hearing, the underlying proceeding is likely to entail several more rounds of litigation at the appellate and trial levels before any judgment becomes final. A judgment in favor of the Plaintiff class remains a contingent future event that may or may not occur as anticipated. Notwithstanding the optimism of the plaintiff class that they will ultimately obtain a favorable verdict and judgment, the only present certainty is that lengthy litigation lies ahead. In the Court's view, the issues in this federal case are best addressed after the matter of National Union's insured's liability has been finally

determined in the underlying action, and no significant hardship to the parties will result from awaiting that determination. Therefore, this Court will not be persuaded to render an advisory opinion on coverage until a final judgment in favor of the plaintiff class is entered.

Accordingly, IT IS HEREBY ORDERED that the Plaintiff's motion to amend the Dismissal Order (Doc. No. 63) is GRANTED. The Dismissal Order is VACATED, and the Clerk of Court shall re-open the case file.

IT IS FURTHER ORDERED that this matter is STAYED in all respects pending a final judgment in the underlying action, Cause No. DV-98-253, in the Montana Second Judicial District Court in Silver Bow County. The parties are instructed to file a joint status report on December 1, 2012, and every six months thereafter, advising the Court of the status of the underlying proceeding.

DATED this 8th day of June, 2012.

Dana L. Christensen, District Judge
United States District Court